# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2753

_____

Ronnie L. Hankins

*Plaintiff - Appellant*

v.

Terry Russell, Warden, ERDCC, Individually and Officially; Corizon Medical Services, Inc.

*Defendant*s

Tonya M. Long, Doctor, Individually; Marvin H. Bohnenkamp, Individually; Mark F. Bradshaw, Individually

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: July 5, 2019
Filed: July 15, 2019
[Unpublished]

_____

Before KELLY, BOWMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Missouri inmate Ronnie Hankins proceeded to a jury trial on a single claim in his complaint, after this court remanded the case to the district court. On appeal, he challenges, among other things, the district court's grant of a motion to quash his trial subpoenas, exclusion of medical evidence at trial, and denial of his motion for a new trial.

Upon careful review, we conclude that the district court abused its discretion in quashing Hankins's subpoenas for Dr. Michael Lamb and Dr. Derek Fimmen, as Hankins's disclosure of these witnesses and his request for subpoenas complied with the court's trial-related case management order and the applicable rules. See Pointer v. DART, 417 F.3d 819, 821 (8th Cir. 2005) (standard of review); see also Fed. R. Civ. P. 26(a)(2)(D)(i) (as relevant, party must--at time and in sequence district court orders--disclose to other parties identity of any witness it may use as expert at trial; setting deadline for disclosure in absence of stipulation or court order). We further conclude that the exclusion of these doctors' anticipated testimony--including the authentication of medical evidence Hankins sought to present--was highly prejudicial, and that there is no reasonable assurance that the jury would have reached the same conclusion had the evidence in question not been excluded. See Harrison v. Purdy Bros. Trucking Co., 312 F.3d 346, 351 (8th Cir. 2002) (this court reviews denial of motion for new trial for clear abuse of discretion; key question is whether new trial should have been granted to avoid miscarriage of justice); cf. White v. McKinley, 605 F.3d 525, 533 (8th Cir. 2010) (denial of motion for new trial based on rulings regarding admissibility of evidence may be reversed if district court clearly and prejudicially abused its discretion by excluding evidence that "is of such a critical nature that there is no reasonable assurance that the jury would have reached the same conclusion had the evidence been admitted" (quoting Wilson v. City of Des Moines, 442 F.3d 637, 641 (8th Cir. 2006))).

Accordingly, we reverse the denial of Hankins's motion for a new trial, and remand the case for further proceedings consistent with this opinion.

_____